Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NOEL TORRES MARTÍNEZ<br><br>*Apelante*<br><br>v.<br><br>LIBERTY COMMUNICATIONS OF PUERTO RICO, LLC; MACAD CONTRACTORS CORP., ÁNGEL CRUZ SU CÓNYUGE FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; SEGUROS X; SEGUROS Y; SEGUROS Z<br><br>*Apelados* | KLAN202500151 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br><br>Caso Núm.:<br>CG2023CV00804 (801)<br><br><br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a <u>30</u> de abril 2025.

Comparece ante nos, el Sr. Noel Torres Martínez (señor Torres Martínez o parte apelante), mediante recurso de *Apelación.* Por medio de este, nos solicita que revisemos la *Sentencia Parcial* emitida el 10 de diciembre de 2024 y notificada el 16 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro apelado). Mediante el referido dictamen, el foro apelado desestimó con perjuicio la causa de acción de daños y perjuicios presentada por la parte apelante contra la Puerto Rico Telephone Company, Inc. (PRTC o parte apelada) por razón de haber prescrito.

Por los fundamentos que expondremos a continuación, se **revoca** la *Sentencia Parcial* apelada.

**I.**

Conforme al expediente ante nuestra consideración, el caso dio inicio el 13 de marzo de 2023, cuando el señor Torres Martínez presentó una *Demanda*[1] por daños y perjuicios que le ocasionaron las siguientes partes: Liberty Communications of Puerto Rico, LLC (Liberty); Macad Contractors Corp. (Macad); Ángel Cruz (señor Cruz), Su Cónyuge Fulana De Tal y La Sociedad Legal De Gananciales Compuesta Por Ambos; SEGUROS X; SEGUROS Y, y SEGUROS Z[2].

En síntesis, la parte apelante arguyó que el 21 de abril de 2021, Liberty había dejado un cable de su propiedad, de manera negligente en la vía pública, frente al negocio "El Gran Desvío" ubicado en Cayey, creando una congestión vehicular. Ante esta situación, varias personas intervinieron para sacar el cable de la vía, entre estas, el señor el Torres Martínez. Así pues, mientras la parte apelante levantaba el cable, el señor Cruz, empleado de Macad, transitó en un camión por la vía donde estaba dicho cable. A tales efectos, tensó el mismo y provocó que este arrastrara violentamente al señor Torres Martínez por la carretera y lo lanzara varios pies sobre el pavimento. Acto seguido, fue trasladado al Centro Médico mediante ambulancia aérea. Allí, se le diagnosticó quemadura eléctrica, varias fracturas, incluyendo fractura en el hueso nasal, costillas, pelvis, hombros y otras, avulsión en la oreja derecha, tabique y pómulo. Debido a los traumas recibidos tuvo que ser intervenido quirúrgicamente en varias ocasiones.

A raíz de los daños sufridos, la parte apelante instó la causa de acción[3]. Sin embargo, el 5 de julio de 2023, el señor Torres

---

[1] Véase, Anejo 4 del recurso de *Apelación*, págs. 25-31.

[2] En el presente caso, la parte apelante presentó una *Demanda* el 13 de marzo de 2023, por hechos ocurridos el 21 de abril de 2021, o sea pasados casi dos (2) años, sin embargo, interrumpió su acción contra ciertas partes co-causantes el 28 de marzo de 2022 y el 26 de septiembre de 2022.

[3] Previo a la solicitud que presentó el señor Torres Martínez, el 26 de mayo de 2023, Liberty presentó su *Contestación a Demanda* (Entrada #11 de Sistema

Martínez solicitó enmendar su *Demanda* para sustituir las partes identificadas bajo nombres desconocidos, "SEGUROS X" y "SEGUROS Y", por las aseguradoras, Óptima Seguros y CHUBB Insurance Company[4]. Por su parte, el 6 de julio de 2023, el TPI concedió dicha solicitud[5].

Al cabo de seis (6) meses, el 1 de febrero de 2024, la parte apelante solicitó enmendar su *Demanda* por segunda ocasión[6]. Por un lado, solicitó la sustitución de la parte identificada bajo nombre desconocido, "Fulana de Tal", por el de la esposa del señor Cruz, la señora María M. García Santos. Por otro lado, y en lo aquí pertinente, solicitó incluir a la PRTC como una nueva parte co-demandada. Esto, debido a que como parte del descubrimiento de prueba, el señor Torres Martínez advino en conocimiento que la PRTC era un posible codeudor solidario responsable de los daños causados.

Ante tal solicitud, el 22 de febrero de 2024, el TPI concedió la segunda enmienda a la *Demanda*[7]. Así pues, el 19 de abril de 2024, la parte apelante evidenció que el 11 de abril de 2024 diligenció el emplazamiento personal a la PRTC[8]. No obstante, el 7 de junio de 2024, la PRTC radicó una *Solicitud de Desestimación Parcial*[9] en la cual arguyó que: la acción incoada en su contra estaba prescrita; la parte apelante no realizó diligencias razonables para poder conocer, dentro del término de un (1) año que la PRTC era uno de los co-causantes del daño; en la *Demanda* no se incluyó ningún nombre desconocido para la PRTC, de manera que interrumpiera el término

---

Unificado de Manejo y Administración de Casos (SUMAC)) en la cual negó haber dejado un cable de su propiedad que impedía el tránsito. Asimismo, adujo que lo daños alegado en la *Demanda* se debieron por la culpa o negligencia de la parte apelante o a las actuaciones u omisiones de terceras personas.

[4] Véase, Anejo 5 del recurso de *Apelación*, págs. 32-35.
[5] Entrada #2 de SUMAC.
[6] Véase, Anejo 6 del recurso de *Apelación*, págs. 36-39.
[7] Véase, Anejo 7 del recurso de *Apelación*, pág. 40.
[8] Entrada #57 de SUMAC.
[9] Véase, Anejo 8 del recurso de *Apelación*, págs. 41-57.

prescriptivo, y la falta de diligencia del señor Torres Martínez hacían inaplicables las normas de la teoría cognoscitiva del daño.

Por su parte, el 25 de junio de 2024, el señor Torres Martínez presentó *Oposición a Solicitud de Desestimación*[10]. En ésta arguyó que la causa de acción contra la parte apelada no estaba prescrita, pues no tuvo manera de conocer su posible responsabilidad hasta octubre del año 2023, cuando de uno de los documentos producidos por Liberty surgió información con relación a que algunos cables que provocaron la reclamación eran propiedad de la PRTC. Evaluadas las posiciones de las partes, el 18 de julio de 2024, el foro apelado declaró *No Ha Lugar* a la solicitud de la PRTC[11].

Inconforme, el 31 de julio de 2024, la PRTC presentó una *Solicitud de Reconsideración*[12], mientras que, el 19 de agosto de 2024, la parte apelante presentó *Oposición a Solicitud de Reconsideración*[13]. Así pues, las partes celebraron una vista argumentativa ante el foro apelado el 28 de octubre de 2024.

Evaluadas las posturas de las partes, el TPI emitió una *Sentencia Parcial*[14], en la cual declaró *Ha Lugar* la reconsideración de la PRTC por entender que la acción en su contra había prescrito, y como consecuencia, desestimó con perjuicio la causa de acción de daños y perjuicios presentada por el señor Torres Martínez contra la parte apelada.

Insatisfecho, el 27 de diciembre de 2024, la parte apelante presentó una *Moción de Reconsideración*[15] del dictamen apelado y solicitó que no se desestimara la *Demanda* instada en contra de la PRTC. Empero, el 28 de enero de 2025, el TPI emitió una

---

[10] Véase, Anejo 9 del recurso de *Apelación*, págs. 58-64.
[11] Véase, Anejo 10 del recurso de *Apelación*, pág. 65.
[12] Véase, Anejo 11 del recurso de *Apelación*, págs. 66-73.
[13] Véase, Anejo 12 del recurso de *Apelación*, págs. 74-88.
[14] Véase, Anejo 1 del recurso de *Apelación*, págs. 1-8.
[15] Entrada #93 de SUMAC.

*Resolución*[16] en la cual declaró *No Ha Lugar* la reconsideración del señor Torres Martínez.

Inconforme aún, la parte apelante acude ante nos y le imputa al foro apelado la comisión de los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR INDEBIDAMENTE EL CONCEPTO DE PRESCRIPCIÓN, DESCONOCIENDO QUE EL PLAZO PRESCRIPTIVO NO SE ACTIVA HASTA QUE LA PARTE PERJUDICADA TIENE CONOCIMIENTO EFECTIVO DE QUIÉN LE OCASIONÓ EL DAÑO, ESTO PARTICULARMENTE CUANDO EL DEMANDANTE OBTUVO CONOCIMIENTO DE LA EXISTENCIA DE UN COCAUSANTE EL 17 DE OCTUBRE DE 2023 POR MEDIO DEL DESCUBRIMIENTO DE PRUEBA.

> **SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL VIOLAR EL ESTÁNDAR DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL AL NO DAR POR CIERTAS LAS ALEGACIONES BIEN HECHAS CONTENIDAS EN LA DEMANDA SOBRETODO CUANDO EL FORO RECURRIDO OMITIÓ SU OBLIGACIÓN DE CONSIDERAR LAS ALEGACIONES DE LA PARTE DEMANDANTE EN SU LUZ MÁS FAVORABLE Y PASÓ POR ALTO QUE LAS MISMAS DEMOSTRABAN UN RELATO COHERENTE SOBRE CÓMO Y CUÁNDO SE IDENTIFICÓ A PRTC COMO POSIBLE COCAUSANTE DEL DAÑO.

El 5 de marzo de 2025, emitimos una *Resolución* concediéndole término a la parte apelada hasta el 26 de marzo de 2025 para que presentara su alegato en oposición. Así pues, en cumplimiento con lo anterior, el 21 de marzo de 2025, Puerto Rico Telephone Company, Inc. compareció mediante escrito intitulado *Alegato de la Parte Apelada.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**.

**-A-**

El Artículo 1189 del Código Civil de Puerto Rico dispone que la prescripción "es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo"[17]. Como vemos, la prescripción es una institución de

---

[16] Entrada #96 de SUMAC.
[17] 31 LPRA sec. 9481.

derecho sustantivo que se rige por las disposiciones del Código Civil, la cual constituye una forma de extinción de un determinado derecho debido a la inercia de la relación jurídica durante un periodo de tiempo determinado[18]. Así pues, una vez se agota un término prescriptivo se extingue el derecho a ejercer la causa de acción, con la correspondiente exoneración para la persona que hasta entonces se encontraba sujeta a responder[19].

Por otro lado, el Artículo 1197 del Código Civil de Puerto Rico dispone que:

> La prescripción de las acciones se interrumpe:
> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;
> (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor.
> Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo[20].

Ahora bien, en el caso de las acciones por responsabilidad extracontractual, conocidas como daños y perjuicios, el término para ejercer la acción es de un (1) año, contando desde que la persona agraviada conoció la existencia del daño y quien lo causó[21]. Sin embargo, en Puerto Rico rige la doctrina de la teoría cognoscitiva del daño, la cual "[…] puede considerarse como una excepción a la norma de que un término prescriptivo comienza a transcurrir cuando objetivamente ocurre el daño, pues desde ese momento se podría ejercer una causa de acción"[22]. La referida teoría establece que una causa de acción en particular surge cuando el perjudicado descubrió o pudo descubrir el daño y quién lo causó, y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción[23].

---

[18] *Galib Frangie v. El Vocero de PR*, 138 DPR 560, 566 (1995).
[19] *Santiago v. Ríos Alonso*, 156 DPR 181, 188 (2002)
[20] 31 LPRA 9489.
[21] 31 LPRA sec. 9496.
[22] *COSSEC v. González López,* 179 DPR 793, 806 (2010).
[23] *Íd.*

Nuestro más Alto Foro ha sido enfático al establecer que:

[E]n en nuestro ordenamiento jurídico, rige la teoría cognoscitiva del daño. Por lo tanto, el término prescriptivo para exigir responsabilidad por un daño extracontractual comienza a transcurrir cuando el perjudicado conoció —o debió conocer de haber procedido diligentemente— la existencia del daño, quién lo causó, así como los elementos necesarios para ejercer efectivamente la causa de acción. **Si en el transcurso del proceso judicial el perjudicado conoce de la responsabilidad de un presunto cocausante, será desde ese momento que el término prescriptivo comenzará a transcurrir en cuanto a este último**[24]. (Énfasis suplido).

Asimismo, el Tribunal Supremo de Puerto Rico (TSPR) ha explicado que:

**[S]i mediante el descubrimiento de prueba u otro medio el agraviado conoce de la existencia de otro coautor y del resto de los elementos necesarios para reclamarle, el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento. Esto, pues un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, viola el debido proceso de ley**[25]. (Énfasis suplido).

**III.**

Nos corresponde evaluar si el TPI indició al desestimar con perjuicio la causa de acción presentada por la parte apelante contra la PRTC por razón de haber prescrito.

En el caso de autos, el 1 de febrero de 2024, el señor Torres Martínez solicitó enmendar su *Demanda* por segunda ocasión[26] y expuso que como parte del descubrimiento de prueba advino en conocimiento de nueva información con relación a que la PRTC era un posible co-causante del daño. Por su parte, el foro apelado autorizó la enmienda a la *Demanda*[27]. Sin embargo, a pesar de que inicialmente se denegó la solicitud de desestimación presentada por la parte apelada, el TPI, en reconsideración, concluyó que el señor Torres Martínez debió haber sido más diligente en cuanto a la información que le permitiera conocer todos y cada uno de los

---

[24] *Maldonado Rivera v. Suarez*, 195 DPR 182, 212 (2016).
[25] *Fraguada Bonilla v. Hosp. Auxilio Mutuo*, 186 DPR 365, 390 (2012).
[26] Véase, Anejo 6 del recurso de *Apelación*, págs. 36-39.
[27] Véase, Anejo 7 del recurso de *Apelación*, pág. 40.

posibles co-causantes del daño que sufrió. Asimismo, razonó que la teoría cognoscitiva del daño no era de aplicabilidad al caso de marras y que el término prescriptivo debió transcurrir desde el momento en que ocurrió el daño, es decir, desde el 21 de abril de 2021. No le asiste la razón, veamos.

Como adelantamos en la exposición del derecho, en el caso de las acciones por responsabilidad extracontractual, conocidas como daños y perjuicios, el término para ejercer la acción es de un (1) año, contando desde que la persona agraviada conoció la existencia del daño y quien lo causó[28]. A pesar de ello, en Puerto Rico rige la doctrina de la teoría cognoscitiva del daño, la cual "[...] puede considerarse como una excepción a la norma de que un término prescriptivo comienza a transcurrir cuando objetivamente ocurre el daño, pues desde ese momento se podría ejercer una causa de acción"[29]. La referida teoría establece que una causa de acción en particular surge cuando el perjudicado descubrió o pudo descubrir el daño y quién lo causó, y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción[30].

Nuestro más Alto Foro ha sido enfático al establecer que:

[E]n en nuestro ordenamiento jurídico, rige la teoría cognoscitiva del daño. Por lo tanto, el término prescriptivo para exigir responsabilidad por un daño extracontractual comienza a transcurrir cuando el perjudicado conoció —o debió conocer de haber procedido diligentemente— la existencia del daño, quién lo causó, así como los elementos necesarios para ejercer efectivamente la causa de acción. **Si en el transcurso del proceso judicial el perjudicado conoce de la responsabilidad de un presunto cocausante, será desde ese momento que el término prescriptivo comenzará a transcurrir en cuanto a este último**[31]. (Énfasis suplido).

Como adelantamos, la parte apelante advino en conocimiento, por primera vez, que la PRTC era un posible co-causante del daño en el mes de octubre de 2023, por medio de unos documentos

---

[28] 31 LPRA sec. 9496.
[29] *COSSEC v. González López, supra*, pág. 806.
[30] *Íd.*
[31] *Maldonado Rivera v. Suarez, supra*, pág. 212.

producidos por Liberty. De los documentos antes mencionados, surgió que la titularidad de algunos de los cables que alegadamente provocaron el daño le pertenecían a la PRTC. Es a partir de ese momento que comenzó a transcurrir el término prescriptivo. Esto, pues conforme a la teoría cognoscitiva del daño, fue en ese momento que el perjudicado, el señor Torres Martínez, conoció de la existencia de otro co-causante del daño[32].

Recordemos que el TSPR ha explicado que:

**[S]i mediante el descubrimiento de prueba u otro medio el agraviado conoce de la existencia de otro coautor y del resto de los elementos necesarios para reclamarle, el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento. Esto, pues un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, viola el debido proceso de ley**[33]. (Énfasis suplido).

En el caso de autos, esto fue lo que ocurrió, pues la parte apelante realizó su descubrimiento de prueba y en ese momento advino en conocimiento que la PRTC era codeudor solidario responsable de los daños causados.

Por otra parte, la PRTC sostuvo que la parte apelante debió haber identificado a todas las entidades responsables de los cables y que una simple consulta al portal del Negociado de Telecomunicaciones o una visita a sus oficinas habría sido suficiente para ello. Asimismo, planteó que el señor Torres Martínez debió conocer que existían otros co-causantes pues el 26 de mayo de 2023, Liberty contestó la *Demanda* y negó ser el titular de los cables que produjeron el daño. Aun si tomáramos como cierta la alegación de la PRTC en cuanto a que la parte apelante debió haber sido más diligente y debió conocer quiénes eran los co-causantes, recordemos que, el 1 de febrero de 2024, el señor Torres Martínez solicitó enmendar la *Demanda* para incluir a la parte apelada. Así pues,

---

[32] *Maldonado Rivera v. Suarez, supra.*
[33] *Fraguada Bonilla v. Hosp. Auxilio Mutuo, supra,* pág. 390.

transcurridos ocho (8) meses desde el 26 de mayo de 2023, cuando Liberty negó la titularidad de los cables en controversia y la parte apelante debió comenzar a investigar quien era el otro co-causante, la causa de acción aún estaba dentro del término.

Finalmente, es menester puntualizar que, la PRTC pretendía que el señor Torres Martínez actuara como un experto en telecomunicaciones capaz de interpretar planos técnicos y navegar un sistema complejo de búsqueda en línea para identificar de manera precisa a los propietarios de infraestructuras en una ubicación específica. Esta exigencia no tan solo es poco razonable, sino que también le impone ciertos requisitos que van más allá de lo que se espera legalmente de un apelante que actuó diligentemente.

Resuelto el caso de esta manera, no tenemos que discutir ni atender el segundo señalamiento de error.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, se **revoca** la *Sentencia Parcial* apelada. Se devuelve el caso al foro apelado para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones